DeYOUNG *v.* TOWNSHIP OF BANKS.

1. QUO WARRANTO—PARTIES—TOWNSHIP UNIT SCHOOL DISTRICT.
   A township unit school district, the legality of whose existence was sought to be determined in a quo warranto proceeding, was a necessary party thereto (2 Comp. Laws 1929, § 7131).

2. SAME—JURISDICTION.
   Objection to the jurisdiction of a court over school district the legality of whose existence is sought to be determined in quo warranto proceedings may be raised by oral motion in open court at the trial (2 Comp. Laws 1929, § 7131).

---

* See Court Rule No. 69, § 4 (1945).—REPORTER.

3. SAME—JURISDICTION—PARTIES.

Where process in quo warranto proceeding to test the legality of existence of township unit school district was served after such district had legal existence as a corporate entity, the court had jurisdiction over it at time subsequent motion to dismiss was made, hence it was error to dismiss case for lack of jurisdiction because proceeding had been commenced before it had become a corporate entity, especially in view of statute relating to joinder of parties (Comp. Laws 1929, §§ 7131, 14021).

Appeal from Antrim; Waller (Ward I.), J., presiding. Submitted June 8, 1945. (Docket No. 50, Calendar No. 43,069.) Decided October 8, 1945. Rehearing denied December 3, 1945.

Quo warranto by Nicholas DeYoung and others against Township of Banks and Banks Township School District to test the legality of an election where majority voted to establish a township unit school district. Judgment for defendants. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Charles H. Menmuir,* for plaintiffs.

*Leon W. Miller,* for defendants.

BOYLES, J. Plaintiffs, as taxpayers and qualified electors of Banks township, Antrim county, filed an information in the nature of quo warranto in the circuit court for Antrim county to test the legality of an election at which a majority of the voters had decided in favor of establishing a township unit school district. The defendants township of Banks and the Banks township school district filed an answer, to which plaintiffs filed a reply, and the cause came on for trial before the court.

At the outset of the hearing counsel for the defendants orally moved that the writ be quashed and the case dismissed on the ground, among others, that the defendant township school district at the time the action was commenced had not yet become a legal entity. The court held that this raised a question as to the jurisdiction of the court over the school district, granted the motion to dismiss the case as to the school district, and further held that without the school district being a party its right to corporate existence could not be determined and therefore the action should also be dismissed as to the township. From the judgment of dismissal entered thereon the plaintiffs appeal.

We agree with the trial court that the school district was and is a necessary party to the proceeding, and that the objection to jurisdiction of the court over the school district could be raised by oral motion in open court at the trial.

The situation disclosed by the record is as follows:

The election to decide whether a township unit school district should be organized was held August 29, 1944; the present information to test the legality of the election was filed and process issued September 5th; on that date a board of education for the school district had not yet been elected, but it is conceded that an election was held by the school district on September 9th at which a board of education was elected. The statute (2 Comp. Laws 1929, § 7131 [Stat. Ann. § 15.51]) provides:

"Whenever a majority of the qualified school electors of any organized township present and voting, vote in favor of organizing said township into a single school district, such township shall, after

the election of the board of education as hereinafter provided, be a single school district and shall be governed by the provisions of this act."

. Defendants rely on the above statute and claim that the court has no jurisdiction over the school district because it was not a school district at the time this information was filed, on September 5th.

Defendants concede' that process was served on the defendant township of Banks on September 18th, and on the Banks township school district September 20th, after it had a legal existence as a corporate entity. Furthermore, the township of Banks and the township school district filed an answer to the information on October 3d, after the school district had become a legal entity. The court had jurisdiction over both defendants at the time the motion was made and it was error to dismiss the case. We also call attention to the statute (3 Comp. Laws 1929, § 14021 [Stat. Ann. § 27.665]), which provides:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court; at any stage of the cause, as the ends of justice may require."

We have considered the other grounds relied on for dismissal and find them without merit. The judgment is set aside and the case remanded for further proceedings. Plaintiffs may have costs of this appeal.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.